UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RODNEY BUSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONTOUR TECHNOLOGY, LLC, a Minnesota limited liability company; KEN SHERMAN, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 2:12-cv-04247-GHK-RZ<br><br>**[PROPOSED] PROTECTIVE ORDER FOR THE HANDLING OF CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br>Trial Date:    None Set<br><br>**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT** |

The parties in the above-entitled action have submitted a STIPULATED CONFIDENTIALITY AGREEMENT FOR ENTRY OF PROTECTIVE ORDER FOR THE HANDLING OF CONFIDENTIAL DOCUMENTS AND INFORMATION ("Confidentiality Stipulation" or "Agreement"). The Court, having reviewed the parties' Confidentiality Stipulation, and **GOOD CAUSE APPEARING**, hereby adopts the Confidentiality Stipulation as its Protective Order for the handling of "Confidential Information" and "Highly Confidential – Attorney's Eyes Only" information as those terms are defined by the parties' Confidentiality Stipulation as follows, and as modified:

I.    **DEFINITIONS**

1)    "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that the party designating the information as "Confidential" reasonably believes to fall within one or more of the following categories of information:

a. "Trade Secrets" as that term is defined by California Civil Code § 3426.1, which provides that a trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under he circumstances to maintain its secrecy."

b. Research and development information that is of a highly competitive nature and that a reasonably prudent business person in the applicable field would not release to or share outside the company in the ordinary course of business.

c. Business projections, financial analysis, media plans, or other economic or sensitive financial information;

d. Personal information of third parties, or information concerning third parties, that the designating party, in good faith, believes is protected from disclosure and cannot be disclosed under applicable state or Federal law either without appropriate notice to such third parties, or absent order by the Court.

e. Information received in confidence from third parties pursuant to the terms of a confidentiality agreement.

f. Information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2) HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY shall mean information that is CONFIDENTIAL or CONFIDENTIAL INFORMATION, but that the designating party reasonably relieves to be extremely sensitive, the disclosure of which to another Party or non-party would create a substantial risk of serious injury or competitive harm.

3) "DOCUMENT(S)." This term is a collective reference to any and all material or other tangible things containing information produced by any party in the Action, information produced by a third-party concerning a party to the Action, including written responses to discovery and deposition testimony. Without limitation, DOCUMENT(S) further include(s) any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The word DOCUMENT(S), includes, without limitation, photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage, and duplicates and reproductions of the same by any method.

4) "COURT." This term refers to the Honorable George H. King, so long as Judge King retains jurisdiction of this Action, and/or his duly assigned successor (if any), and any Magistrate Judge or Special Master designated to hear and decide disputes arising under the Agreement.

## II. PROCEDURE FOR DETERMINING STATUS OF CONFIDENTIAL DOCUMENTS.

1) The Agreement shall govern and apply to all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY DOCUMENTS, interrogatory answers, responses to request to admit, depositions and deposition exhibits, pleadings, and any other information produced or obtained pursuant to a formal discovery request or subpoena, a request made at deposition or any other formal or informal means.

2) All DOCUMENTS or categories of DOCUMENTS or pages of DOCUMENTS produced or disclosed that the producing party in good faith

believes to contain information that should be subject to the Agreement shall be designated by the producing party as follows:

**"CONFIDENTIAL SUBJECT TO CONFIDENTIALITY ORDER"**

Or

**"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"**

To the extent such designation is placed on a CD or disk, both the CD/disk and any documents or information contained therein shall be subject to the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.  To the extent electronic mail or other such electronic information is deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY, either appropriate designation of a disk containing such information, or designation of the DOCUMENT shall be sufficient for purposes of affording protections to the DOCUMENT under this protective order.

   3) The designation of a DOCUMENT or information as "Confidential" or "Highly Confidential" shall not create any presumption with regard to the actual confidentiality of any DOCUMENT, nor shall it affect the burden of proof necessary for obtaining a Rule 26(c) protective order from the Court.  The party designating information, DOCUMENTS, deposition testimony, discovery responses, materials, pleadings, or other items as "Confidential" or 'Highly Confidential" bears the burden of establishing their confidentiality.

   4) If counsel for a party receiving DOCUMENTS designated as Confidential or Highly Confidential objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the DOCUMENTS or information in question, and shall state the factual and legal grounds for the objection.

   b. Counsel for the designating party or third party shall respond in writing to such objection within fourteen calendar (14) days, unless a shorter time frame is agreed upon by the Parties or ordered by the Court, and shall state with particularity the factual and legal grounds for asserting that the DOCUMENT or information is Confidential or Highly Confidential. If no timely written response is made to the objection, the challenged designation will be deemed no longer applicable and not subject to the terms of the Agreement.

   c. If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer within seven (7) calendar days of such response, unless a shorter time frame is agreed upon by the Parties or ordered by the Court, in good faith in an effort to resolve the dispute.

   d. If a dispute as to a Confidential or Highly Confidential designation cannot be resolved by agreement, the party still asserting that the material in question is confidential or highly confidential shall present the dispute to the Court in accordance with Central District Local Civil Rule 37-1 *et seq*. governing discovery motions. The DOCUMENT or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

**III. ORDERS REGARDING CONFIDENTIAL INFORMATION.**

  With regard to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL, the foregoing provisions shall be in effect:

  1) All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL documents shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose. CONFIDENTIAL INFORMATION shall not be disclosed by the

receiving party to anyone other than those set forth in Paragraph III(2) below, and HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph III(3) unless and until the restrictions herein are removed either by the operation of this Agreement, the written agreement of counsel for the Parties, or by order of the Court.

2) Except as otherwise provided herein, CONFIDENTIAL INFORMATION may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following individuals under the following conditions:

a. Counsel for the Parties, including in-house counsel, and regular and temporary employees and independent contractors of such counsel assisting in the conduct of this Action;

b. Experts and consultants (and their counsel) retained by the Parties or their counsel in connection with the prosecution or defense of this Action and their regular and temporary employees assisting in matters related to this Action;

c. Plaintiff and the Defendant (including Defendant's directors, officers, trustees, and employees assisting in the conduct of the Action or to whom disclosure is deemed necessary by disclosing counsel);

d. Witnesses or deponents, and their counsel, to the extent necessary, in preparation for, or during the course of, testimony in this Action;

e. The Court and Court personnel;

f. Any mediator agreed to by the Parties, and the mediator's staff;

g. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative

and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

  h. Any person who is indicated on the face of a DOCUMENT to have been an author, addressee or recipient thereof; and

  i. Any other person upon order of the Court, after notice and a hearing, or upon written consent of the designating party or non-party.

 3) Except as otherwise provided herein, HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following individuals under the following conditions:

  a. Outside or in-house counsel of record for the Parties, including regular employees of such counsel assisting in the conduct of this Action;

  b. Experts and consultants retained by the Parties or their counsel in connection with the prosecution or defense of this Action and their regular employees assisting in matters related to this Action;

  c. The Court and Court personnel;

  d. Any other person upon order of the Court, after notice and a hearing, or upon written consent of the designating party or non-party.

  e. Any mediator agreed upon by the Parties and the mediator's staff.

 4) Every person in paragraph III(2) given access to CONFIDENTIAL INFORMATION, or any persons in paragraph III(3) given access to HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information shall be advised that

such material or information is being disclosed pursuant to the terms of the Agreement and that such material may not be used or disclosed except as permitted herein, and that failure to abide by the terms hereof may be punished as a contempt of court. In addition, all persons, other than those listed in paragraphs 2(a), (c), (e) and (f) and paragraphs 3(a) and (b) above, who are given access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY documents also must confirm their understanding by signing a copy of Exhibit A attached to the Parties' Agreement, provided that non-party witnesses (and their counsel) to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY documents are disclosed at a deposition are not required to sign a copy of Exhibit A if they confirm their understanding and agreement to abide by the terms hereof on the record. Counsel for the party obtaining the signed agreement shall retain a copy of the agreement.

5) CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY documents shall be used only by individuals permitted access to it under Paragraphs III(2) and III(3) respectively. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6) With respect to any depositions that involve a disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information, the designating party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties in writing that portions of the transcript are to be designated Confidential, which period may be modified by agreement of the Parties or by order

1  of the Court.  No such deposition transcript shall be disclosed to any individual
2  other than the individuals described in Paragraph III(2) or III(3) above and the
3  deponent during this period of time (although it may be filed under seal as permitted
4  under this Order), and no individual attending such a deposition shall disclose the
5  contents of the deposition to any individual other than those described in Paragraph
6  III(2) or III(3) above during said period of time.  Upon being informed that certain
7  portions of a deposition are to be designated as Confidential or Highly Confidential,
8  all Parties shall immediately cause each copy of the transcript in its custody or
9  control to be appropriately marked and limit disclosure of that transcript in
10 accordance with the provisions of the Agreement.

11      7)   Any party who has received CONFIDENTIAL INFORMATION and
12 HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information shall act
13 to preserve the confidentiality of designated DOCUMENTS.  Any DOCUMENT
14 that contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—
15 ATTORNEY'S EYES ONLY information, including, without limitation, any
16 deposition transcript, deposition exhibit, pleading, motion, memorandum, deposition
17 notice, interrogatory, request for document production, subpoena, or response to an
18 interrogatory or request for production, or that reproduces, paraphrases, summarizes,
19 or encloses CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S
20 EYES ONLY information, if filed with the Court, must be filed in accordance with
21 the provisions set forth in paragraph III(8).

22      8)   Unless expressly authorized by statute or federal rule, or the Judicial
23 Conference of the United States, "CONFIDENTIAL INFORMATION" or
24 "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" that will be filed
25 with the Court cannot be filed under seal without prior approval by the Court.
26 Where Court approval is required, the ~~following~~ procedures~~, as set forth~~ in Central
27 District Local Rule 79-5, must be followed.

28

1  ~~a.   The original and Court's copy of the document containing~~
2  ~~"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL~~
3  ~~ATTORNEY'S EYES ONLY" information must be filed manually in separate~~
4  ~~sealed envelopes with a copy of the title page attached to the front of each envelope.~~
5  ~~Conformed copies need not be placed in sealed envelopes;~~
6  ~~b.   A Notice of Manual Filing shall be electronically filed~~
7  ~~identifying the materials being manually filed;~~
8  ~~c.   The party that desires to have the "CONFIDENTIAL~~
9  ~~INFORMATION" or "HIGHLY CONFIDENTIAL ATTORNEY'S EYES~~
10 ~~ONLY" information filed under seal must then file a written application to have~~
11 ~~such documents filed under seal, along with a proposed order and the material to be~~
12 ~~placed under seal. The Application must state the legal and factual basis that~~
13 ~~justifies the requested relief. Applications and Orders to Seal, along with the~~
14 ~~material to be placed under seal, shall not be electronically filed but shall be filed~~
15 ~~manually in the manner prescribed by Local Rule 79-5.~~

16 ~~9)~~   All Court orders will be presumptively available to the public.
17 Therefore, if the Court orders certain documents be filed under seal pursuant to the
18 provisions of paragraph III(8) above, all papers filed by the parties that refer to or
19 rely upon such evidence shall designate the particular aspects that are Confidential.
20 This will enable the Court, in drafting orders, to ~~determine whether there is evidence~~
21 ~~which the Court should attempt~~ know which evidence the parties wish the Court not
22 to disclose.  ~~Absent such advance notification, the Court will be free to incorporate~~
23 ~~all such evidence in its written and oral rulings.~~

24   10)   In the event that the Action proceeds to trial, all of the information that
25 was designated as Confidential or Highly Confidential and/or kept and maintained
26 pursuant to the terms herein becomes public and will be presumptively available to
27 all members of the public, including the press. ~~, unless sufficient cause is shown in~~
28

1  ~~advance of trial to proceed otherwise.~~ The terms of the Agreement do not preclude,
2  limit, restrict, or otherwise apply to the use of documents at trial, or in connection
3  with dispositive motions. In connection with trial or a dispositive motion, any party
4  may move the Court for an order that the CONFIDENTIAL INFORMATION or
5  HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY information be
6  received in camera or under other conditions to prevent unnecessary disclosure. ~~The~~
7  ~~Court will then determine whether the proffered CONFIDENTIAL~~
8  ~~INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY~~
9  ~~should continue to be treated as such and, if so, what protection, if any, may be~~
10 ~~afforded such information at the trial.~~

11        11)   The Agreement shall apply to non-parties who are obliged to provide
12 discovery, by deposition, production of documents or otherwise, in this Action if
13 said non-party requests in writing the protection of the Agreement as to said non-
14 party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL-
15 ATTORNEY'S EYES ONLY information, complies with the provisions of the
16 Agreement, and agrees in writing to be bound by its terms by executing Exhibit A
17 hereto.

18        ~~12)~~   In the event any party to this Action shall receive a subpoena, civil
19 investigative demand, or other form of legal process from any non-party (including
20 any party to any action other than this Action, or any federal or state regulatory or
21 administrative body or agency), such party shall immediately disclose such fact to
22 the producing and/or designating party or non-party, unless precluded from doing so
23 by law or court order, and shall not disclose any CONFIDENTIAL
24 INFORMATION or HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY
25 information in response thereto without first providing the producing and/or
26 designating party or non-party a reasonable opportunity to seek appropriate
27 protective treatment or other relief. If possible, notice shall be given at least ten (10)
28

days before the return of any subpoena, civil investigative demand, or other form of legal process.  Nothing herein shall prevent timely compliance with a subpoena. ~~served by a governmental entity or court order.~~

      13)    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY that should have been designated as such, regardless of whether the information, DOCUMENT or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, DOCUMENT or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Agreement.  All Parties shall reserve the right to challenge such a designation pursuant to the provisions of the Agreement.

      14)    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential under the Agreement.

      15)    Nothing in the Agreement shall be deemed or construed to restrict or prejudice in any manner the right of any party or non-party:

      a.    to assert that certain information is highly confidential and/or trade secret so as not to be subject to discovery;

      b.    to resist or object to the production of documents or disclosure of

information on any other grounds;

   c. to contest the another party's or non-party's basis for designating discovery as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY ;

   d. to seek additional protective relief with respect to any DOCUMENT or information sought in the course of discovery;

   e. to object to the admissibility, authenticity, or use of any DOCUMENT or CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY at any hearing or trial;

   f. to seek to compel additional discovery;

   g. to agree to modify, alter, amend or waive the provision or protections provided herein;

   h. to seek modification or other relief from the Court with respect to any or all of the provisions of the Agreement, or;

   i. to use his, her, or its own DOCUMENTS, CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY for any purpose whatsoever.

 16) In the event additional parties are joined or permitted to intervene in this Action, they shall not have access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY unless and until such parties (and their counsel) agree in writing to be bound by the terms of the Agreement by executing a copy of Exhibit A hereto.

## IV. GENERAL PROVISIONS

 1) The Agreement shall survive the termination of this Action and shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the Parties filed with the Court.

 2) Within forty-five (45) days after entry of a final non-appealable order,

judgment, or settlement with respect to the claims in this Action and upon the written request of the producing party, each party or other individual subject to the terms hereof shall, absent a court order or agreement to the contrary, either return DOCUMENTS or other material subject to the Agreement to the producing party or non-party or, alternatively and upon written consent of the producing party shall destroy all such materials and certify in writing that such materials have been destroyed. The certification shall confirm that counsel have destroyed all DOCUMENTS within their possession, as well as DOCUMENTS that have been provided to others in accordance with the Agreement. Notwithstanding the foregoing, counsel (including in-house counsel) for the Parties shall be entitled to retain for their files one set of all pleadings, motion papers, court filings, discovery requests, expert reports, deposition, hearing and trial transcripts (including exhibits) and attorney work-product (including legal research) which incorporate, contain, or refer to any DOCUMENTS or other material that contain or refer to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY, provided that such materials remain subject to the terms and conditions of the Agreement.

3)   Neither the termination of this Action or any related proceedings nor the termination of employment of any person who has had access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY shall relieve such person of his or her obligations under the Agreement.

**IT IS SO ORDERED.**

Dated: November 14, 2012   _____

Hon. Ralph Zarefsky
Magistrate Judge

United States District Court
Central District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28